THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SIGNATURE RETAIL SERVICES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 12 C 7657 |
| ) | |
| **ROBERT DARNELL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robert Darnell's (Darnell) motion for summary judgment and motion in the alternative to stay. For the reasons stated below, the motion for summary judgment is granted and the motion to stay is denied at moot.

## BACKGROUND

Plaintiff Signature Retail Services, Inc. (Signature) alleges that on February 2, 2009, Darnell became employed by Signature. On that day, Darnell allegedly signed an at-will employment agreement (At-Will Agreement). Darnell's employment with

1

Signature allegedly ended, and Darnell claims that he has been cheated out of salary and commissions by Signature. Signature contends that there is an arbitration clause in the At-Will Agreement that provides that any dispute concerning the termination of Darnell's employment shall be resolved in arbitration in Illinois. Signature has brought the instant action to compel Darnell to submit to arbitration in Illinois. Darnell now moves for summary judgment and moves in the alternative for the court to stay the instant action until arbitration proceedings in Georgia are concluded. Signature has not filed a motion for summary judgment.

## LEGAL STANDARD

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A party can bring an action in federal court to compel an opponent to submit to arbitration pursuant to 9 U.S.C. § 4. *Id.* at 832. A court "will compel arbitration unless it may be said with positive assurance that the

arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted). When an arbitration agreement contains a broad arbitration provision, "there is a presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration"); *see also Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(stating that "because arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'")(quoting *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002)).

## DISCUSSION

Darnell does not dispute that the disagreement between himself and Signature should be resolved in arbitration. In fact, the undisputed facts show that it was Darnell who twice attempted to resolve the dispute in arbitration before Signature filed the instant action. Darnell contends that the instant action brought by Signature is merely part of a continued effort by Signature to forum shop and to obstruct Darnell in his effort to obtain the salary and commissions owed to him by Signature. Darnell asserts that he has twice attempted to resolve the instant dispute in arbitration in Georgia, and that he has also filed a state action in Georgia state court. Darnell contends that this action was brought by Signature to force him to come to Illinois to resolve the dispute and to force upon him an additional financial burden that he cannot afford.

I. Employment Agreement

Darnell argues that he should not be subject to arbitration in Illinois because he entered into a second and superseding agreement with Signature that provided that arbitration could be pursued in any forum. Darnell contends that after he entered into the At-Will Agreement, he entered into a separate employment agreement

(Employment Agreement) with Signature that superseded the At-Will Agreement. Signature admits that, in addition to entering into the At-Will Agreement with Darnell, it entered into the Employment Agreement with Darnell. (R SF Par. 9). Signature also admits that the Employment Agreement contains an arbitration clause that does not contain a forum selection clause. (R SF Par. 9); (D Ex. 1, Par. 22). Signature, however, disputes that the terms of the Employment Agreement replaced the terms of the At-Will Agreement. (R SF Par. 9).

II. Prior Proceedings

Darnell argues that he has attempted to pursue this dispute in several forums prior to the initiation of the instant action by Signature. Darnell initially filed a arbitration action in Georgia (Georgia Arbitration Proceeding). Darnell contends that Signature then demanded that Darnell dismiss the Georgia Arbitration Proceeding, and threatened to bring a civil action against Darnell in Illinois state court if he failed to so do. Darnell has in fact provided as an exhibit a letter (Letter) from Signature's counsel to Darnell showing the demand. (D Ex. 3). Signature has not disputed that the exhibit presented by Darnell reflects an accurate copy of the Letter sent by its counsel to Darnell. In the Letter, Signature states: "[i]f you fail to dismiss your arbitration claim, we will notify AAA that there is no binding agreement to

arbitrate," and will file a declaratory judgment action in Illinois to seek a declaration that Signature "is not bound to arbitrate your claim." (SJ Ex. 3). Thus, although Signature has now filed a petition to compel arbitration in this case, claiming that Darnell is bound to arbitrate his claims, Signature made a completely contrary statement to Darnell in the Letter in an effort to force him to dismiss the Georgia Arbitration Proceeding.

Signature "denies that it threatened to sue [Darnell] for filing an arbitration claim." (R SF Par. 6). However, that is exactly what Signature did in the Letter, stating that if Darnell did not dismiss the Georgia Arbitration Proceeding, Signature would file suit against Darnell in Illinois. (D Ex. 3). Signature also now claims that Signature's counsel was simply not aware of the At-Will Agreement at the time he wrote the Letter, and that the Letter "did not fully and accurately recite [Signature's] position . . . ." (Ans. SJ 7); (Odo Decl. Par. 5). However, Signature is bound by the actions of its agents, including its counsel, and Signature cannot explain away its statements in the legal correspondence from its counsel by claiming ignorance.

Darnell contends that based on the threat of having to respond to litigation in Illinois, he decided to dismiss the Georgia Arbitration Proceeding. Darnell indicates, however, that he did so believing that he could later seek to reinstate the arbitration action in Georgia, if necessary. Darnell contends that he then filed an action in

6

Georgia state court (Georgia State Action) and argued in those proceedings that Signature had waived its right to seek arbitration based on the statements in the Letter. According to Darnell, the judge in the Georgia State Action indicated orally at a hearing that he believed that the Employment Agreement was the superseding and controlling agreement that governed arbitration between the parties. The judge also ordered the parties to brief the issue of whether Signature had waived its right to seek arbitration. (SJ 6-7). Darnell contends, however, that instead of submitting a brief regarding waiver, as directed by the Georgia state court judge, Signature removed the action to federal court in Georgia in order to engage in forum shopping. Darnell indicates that at that point, based on Signature's position as to a right to arbitrate, he dismissed the federal action in Georgia and re-filed for arbitration in Georgia. Signature then filed the instant action in Illinois, even though the arbitration proceeding in Georgia remains pending. The court notes that it was only after Darnell twice initiated arbitration proceedings in Georgia and initiated a court proceeding in Georgia that Signature decided that it was necessary to bring the instant action to compel Darnell to resolve this dispute in arbitration in Illinois. Thus, the undisputed facts show that at each step that Darnell sought to resolve this dispute, Signature placed roadblocks in the path of Darnell, at times even taking completely contrary legal positions in order to do so.

III. Superseding Agreement

    Darnell argues that the terms in the Employment Agreement superseded the terms in the At-Will Agreement. Signature contends that, according to Michael Chiappetta (Chiappetta), the Secretary for Signature, the At-Will Agreement and the Employment Agreement were "signed by the parties either the same day or within one day of each other," and that the agreements were considered by the parties together as one combined agreement. (Chiappetta Dep. Par. 9). However, Darnell contends that Chiappetta did not work for Signature in 2009 when either of the agreements were signed, and Signature does not dispute that fact. Thus, the undisputed facts show that Chiappetta lacks any personal knowledge concerning the events in February 2009 and the parties' understanding at that time. Darnell has presented evidence showing that he entered into the Employment Agreement after the At-Will Agreement and that the At-Will Agreement was merely part of the "initial application process." (Supp SF Par. 15); (Darnell Aff. Par. 3, 5). Although Signature makes references in its filings to the two agreements being entered into at the "same time," Signature has not offered evidence to support that conclusion. (Ans. SJ 5, 6). Signature in fact concedes that the At-Will Agreement was signed and became effective on February 2, 2009, and that the Employment Agreement was signed and became effective on February 3, 2009. (R SF Par. 9). Darnell has also

8

provided a declaration stating that the two documents were not signed at the same time and that the At-Will Agreement was merely part of the initial application process. (Darnell Aff. Par. 3, 5). The undisputed facts show that the Employment Agreement states the following:

> Complete Agreement.
>
> *This Employment Agreement* constitutes the *sole and complete contract* between Employer and Employee with respect to Employee's employment with Employer. No verbal or *other written* statements, inducements, or representations have been made to or relied upon by Employee, and no modification hereof shall be binding upon Employer unless in writing and signed by Employer.

(D Ex. 1 Par. 11)(emphasis added). Thus, after Darnell entered into the At-Will Agreement as part of the initial application process, Signature entered into the Employment Agreement with him, which expressly negated all prior written agreements including the At-Will Agreement. *See, e.g., Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 993 (7th Cir. 2007)(stating that under Illinois law, "[i]f the language of the contract is clear and unambiguous, [the court should] interpret the contract without the use of parol evidence, . . . and contract terms are interpreted according to their plain meaning unless otherwise defined"). In addition, although Signature contends that the parties intended both agreements to be considered one agreement, it makes little sense that the subsequent Employment Agreement would

itself have an arbitration clause if the At-Will Agreement already contained an arbitration clause. *See, e.g., International Broth. of Elec. Workers, Local 21 v. Illinois Bell Telephone Co.*, 491 F.3d 685, 688 (7th Cir. 2007)(stating that "[w]hen interpreting a contract, [the court should] look first to the plain meaning of the provision, and strive to avoid absurd results"). The Employment Agreement states that it is the "sole and complete contract between" Signature and Darnell relating to Darnell's employment. If Signature had intended the At-Will Agreement to be adhered to alongside the Employment Agreement, Signature would have not agreed for the Employment Agreement to be the sole and complete contract between the parties. *Id.* The facts in this case and the plain meaning of the terms of the Employment Agreement clearly show that, upon agreeing to enter into the Employment Agreement, the At-Will Agreement terminated, and the parties agreed to be bound by the terms of the Employment Agreement.

It is undisputed that the Employment Agreement contains an arbitration clause, but does not contain any forum selection clause. (D Ex. 1 Par. 22). Nothing prevented Signature from including a forum selection clause in the Employment Agreement providing that arbitration would be conducted in Illinois, if that was as important to Signature as it now claims. Signature cannot re-write the terms of the Employment Agreement in retrospect. Darnell acted consistently with the arbitration

clause in the Employment Agreement by seeking arbitration in Georgia. Therefore, based on the above, Darnell's motion for summary judgment is granted and the motion to stay is denied as moot.

## CONCLUSION

Based on the foregoing analysis, Darnell's motion for summary judgment is granted and the motion to stay is denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 12, 2013