THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIGNATURE RETAIL SERVICES, INC. )
                                                                                      )
          **Plaintiff,**            )
                                          )
       v.                       )    No. 12 C 7657
                                          )
**ROBERT DARNELL,**          )
                                          )
          **Defendant.**          )

## <u>MEMORANDUM OPINION</u>

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robert Darnell's (Darnell) motion for attorney's fees and non-taxable expenses. For the reasons stated below, the motion is denied.

## BACKGROUND

Darnell became employed by Plaintiff Signature Retail Services, Inc. (Signature) on February 2, 2009. On that day, Darnell signed an at-will employment agreement (At-Will Agreement). Darnell's employment with Signature ended, and Darnell claimed that he has been cheated out of salary and commissions by

Signature. Signature contended that there was an arbitration clause in the At-Will Agreement providing that any dispute concerning the termination of Darnell's employment should be resolved in arbitration in Illinois, and Signature brought the instant action to compel Darnell to submit to arbitration in Illinois. However, the undisputed facts showed that, after Darnell entered into the At-Will Agreement, he entered into a separate employment agreement with Signature that superseded the At-Will Agreement. Darnell moved for summary judgment, and on February 12, 2013, this court granted the motion for summary judgment. Darnell now moves to recover attorney's fees and non-taxable expenses.

## DISCUSSION

Darnell requests that the court award him $28,546.75 in attorney's fees and $823.62 in non-taxable expenses for a total of $29,370.37. Signature contends that Darnell fails to articulate a valid legal basis to recover the attorney's fees and expenses sought in the instant motion. In the motion's title and introductory sentence, Darnell indicates that he is seeking relief pursuant to Federal Rule of Civil Procedure 54 (Rule 54) and Local Rule 54.3. (Mot. 1).

I. Rule 54

Darnell indicates in his motion that he is seeking relief pursuant to Rule 54. Rule 54 provides the following relating to attorney's fees and costs:

> (d) Costs; Attorney's Fees.
> (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
> (2) *Attorney's Fees.*
> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> (I) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d). Rule 54(d)(1) indicates that a prevailing party can recover taxable costs other than attorney's fees. Such costs are identified in 28 U.S.C. § 1920. *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012). Rule 54 also provides a mechanism to request non-taxable costs, such as those that Darnell seeks to recover in the instant motion. Pursuant to Rule 54(d)(2), a party may move for "attorney's fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2).

However, Rule 54(d)(2) merely provides that such fees and expenses can be sought by bringing a motion. The rule does not state that such fees and expenses should or must be awarded. Thus, while Rule 54 provides a procedural mechanism by which Darnell can request attorney's fees and non-taxable expenses, Rule 54 does not indicate that such fees or expenses are necessarily recoverable by the prevailing party.

II. Local Rule 54.3

Darnell also indicates in his motion that he is seeking relief pursuant to Local Rule 54.3. (Mot. 1). Local Rule 54.3 provides a schedule for the filing of a motion for attorney's fees and related non-taxable expenses. LR 54.3 (b). Local Rule 54.3 also specifies a consultation process by which the parties must attempt to come to an agreement as to an award prior to bringing a motion under Rule 54. LR 54.3(d). Local Rule 54.3 does not provide that a prevailing party is necessarily entitled to recover attorney's fees and related non-taxable expenses.

III. Illinois Sales Representative Act

Darnell also makes a reference in his motion for the recovery of fees and expenses to the Illinois Sales Representative Act (ISRA), 820 ILCS 120/1 *et seq.*

(Mot. 8). However, no claim or counterclaim was brought in the instant action under the ISRA and Darnell did not prevail on any ISRA claim in this case. Thus, the ISRA does not provide any remedy to Darnell with respect to the instant action.

IV.  Rule 11

Darnell also argues that the court should award him attorney's fees and non-taxable expenses as sanctions pursuant to Federal Rule of Civil Procedure 11 (Rule 11). Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ." Fed. R. Civ. P. 11(b). Rule 11(c)(4) provides that one type of sanction that is available for a violation of Rule 11(b) is "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).  The movant bears the burden of showing that Rule 11

sanctions are appropriate. *Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, 2011 WL 5373975, at *6 (N.D. Ill. 2011)(referencing the "'high burden of showing that Rule 11 sanctions are warranted'")(quoting *Lundeen v. Minemyer*, 2010 WL 5418896, at *3 (N.D. Ill. 2010)). The Seventh Circuit has recognized that "[w]hile the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution." *Federal Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).

In the instant action, although this court pointed out in its prior ruling that there were certain inconsistencies in the positions taken by counsel of Signature, Darnell has not provided sufficient evidence to show that any intentional misrepresentations were made by Signature. This court concluded that the instant action should be dismissed and that the controversy should be resolved in the pending arbitration proceedings in Georgia. However, this court made no findings regarding any subjective or objective bad faith on the part of Signature for its actions. *See Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local, 39*, 443 F.3d 556, 560-61 (7th Cir. 2006)(stating that "[t]he court must 'undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless")(quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987)). Although the court ultimately found that

the legal arguments presented by Signature were not meritorious, the court made no finding that Signature's arguments were frivolous. Darnell has not met his burden to show that sanctions are warranted in this case pursuant to Rule 11, and this court finds in its discretion that such sanctions are not warranted.

V. Inherent Authority to Sanction

Darnell also makes references in his motion to the court's inherent power to sanction parties. (Mot. 2). In addition to the authority to impose sanctions listed in Rule 11, a court retains the "'inherent power to impose sanctions.'" *Mach v. Will County Sheriff*, 580 F.3d 495, 502 (7th Cir. 2009). A court can impose sanctions pursuant to the court's inherent power "where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012). The exercise of the inherent power to impose sanctions must be used by the court with caution. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)(stating that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion"); *Mach*, 580 F.3d at 502 (stating that "[a] district court should be cautious when exercising such inherent authority"). Based on the record in this case, this court declines to exercise its inherent power to sanction Signature. While the court referenced certain irregularities in regard to the

prior proceedings, such evidence falls far short of showing that sanctions are warranted in this case. Therefore, the request for sanctions pursuant to the court's inherent power is denied.

## CONCLUSION

Based on the above, Darnell's motion for attorney's fees and non-taxable expenses is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 24, 2013